**RECORD NO. 13-4033**

# In The
# United States Court Of Appeals
## For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**OSCIEL GARCIA ESTRADA,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
AT WILMINGTON**

———————————

**BRIEF OF APPELLANT**

———————————

**C. Burell Shella**
**SHELLA, HARRIS & AUS, PC**
**2530 Meridian Parkway**
**Suite 300**
**Durham, NC  27713**
**(919) 806-4271**

*Counsel for Appellant*

GibsonMoore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

# TABLE OF CONTENTS

PAGE:

TABLE OF AUTHORITIES ................................................................................... ii

STATEMENT OF JURISDICTION ........................................................................ 1

NATURE OF APPEAL ............................................................................................ 1

ISSUE PRESENTED ................................................................................................ 2

STATEMENT OF THE CASE ................................................................................. 2

STATEMENT OF FACTS ........................................................................................ 2

    I.    FACTUAL BASIS ....................................................................................... 2

SUMMARY OF THE ARGUMENT ....................................................................... 4

ARGUMENT ............................................................................................................ 4

    A.    Standard of Review ..................................................................................... 4

    B.    Discussion .................................................................................................... 5

CONCLUSION ......................................................................................................... 8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## TABLE OF AUTHORITIES

PAGE(S):

CASES:

*Anders v. California*,
　　386 U.S. 738, 87 S. Ct. 1396 (1967) ......................................................................1, 4

*Gall v. United States*,
　　522 U.S. 38, 128 S. Ct. 586, 598 (2007) .......................................................................4

*McCoy v. Wisconsin*,
　　486 U.S. 429, 108 S. Ct. 1895 (1988) ...............................................................4

*Penson v. Ohio*,
　　488 U.S. 75, 109 S. Ct. 346 (1988) ................................................................4

*United States v. Perez-Pena*,
　　453 F.3d 236 (4th Cir. 2006) ...............................................................5, 6, 7

*United States v. Raby*,
　　575 F.3d 376 (4th Cir. 2009) ......................................................................4

*United States v. Seay*,
　　553 F.3d 732 (4th Cir. 2009) .....................................................................5, 7

*United States v. Shortt*,
　　485 F.3d 243 (4th Cir. 2007) .......................................................................7

STATUTES:

18 U.S.C. § 924(a)(2)..................................................................................7

18 U.S.C. § 3553(a) ................................................................................5, 7

18 U.S.C. § 3553(a)(1)...............................................................................6

18 U.S.C. § 3553(a)(2)(A) ..........................................................................6

18 U.S.C. § 3553(a)(2)(B) ................................................................................6

18 U.S.C. § 3553(a)(2)(C) ................................................................................7

18 U.S.C. § 3742(a) .........................................................................................1

21 U.S.C. § 846............................................................................................1, 2

21 U.S.C. § 924(c) ...........................................................................................1

28 U.S.C. § 1291 .............................................................................................1

## STATEMENT OF JURISDICTION

This is a direct appeal by a defendant in a federal criminal case from the sentence imposed in the United States District Court for the Eastern District of North Carolina following a plea of guilty as to one count of 21 U.S.C. § 846 Conspiracy to Distribute and Dispense and Posses with the Intent to Distribute 500 grams or More of cocaine. Jurisdiction was conferred upon the United States District Court pursuant to 21 U.S.C. §§ 846 and 924(c).

Appellate jurisdiction is conferred upon the United States Court of Appeals for the Fourth Circuit pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Sentence was imposed by the lower court on Jan 3, 2013 and a judgment incorporating that sentence was filed by the court on Jan 3, 2013. Notice of appeal was filed by the defendant on Jan 14th, 2013.

## NATURE OF APPEAL

This brief is submitted to the Court pursuant to the decision of the United States Supreme Court in *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel for the defendant-appellant has determined, after a conscientious examination of the entire record of the case, that Mr. Estrada has no meritorious grounds for appeal. Nevertheless, Mr. Estrada wishes to appeal his sentence.

## ISSUE PRESENTED

Whether the trial court abused it discretion by sentencing Mr. Estrada in the middle range of his guideline sentence instead of the very bottom of the range.

## STATEMENT OF THE CASE

Mr. Estrada appeals from a conviction entered on Jan. 3, 2013, for convictions of one count of 21 U.S.C. § 846 Conspiracy to Distribute and Dispense and Posses with the Intent to Distribute 500 grams or More of cocaine. Mr. Walden entered a plea of guilty to On September 5, 2012, pursuant to a written Plea Agreement, the defendant **pled guilty to Counts 1.** The government and the defendant agree that a downward adjustment of 3 levels for acceptance of responsibility is warranted. The court sentenced the defendant to of 140 months on count one on Jan. 3, 2013.

## STATEMENT OF FACTS

### I.     FACTUAL BASIS

**In 2011, the Bureau of Alcohol, Tobacco, Firearms and Explosives and the New Hanover County Sheriff's** Office in Wilmington, North Carolina, established the existence of a drug trafficking organization which was responsible for distributing cocaine base (crack), cocaine, heroin, and marijuana in Wilmington. During the investigation, agents identified David Crummy as the leader of the organization and Rodney Tyson and others as members of the

organization. The investigation also resulted in the identification of four sources of supply of cocaine for the organization, two of which were **OSCAR GARCIA ESTRADA** and Edwin Maldonado.

In July 2011, following Crummy's arrest, agents utilized Crummy to purchase cocaine from **ESTRADA**. Specifically, on July 8, 2011, Crummy contacted **ESTRADA** regarding the purchase of 1 kilogram of cocaine. **ESTRADA** informed Crummy that he did not have the quantity; however, he agreed to sell Crummy 10 ounces of cocaine. Later that day, Troylena Chavis drove **ESTRADA** and Maldonado to allocation in Battleship, North Carolina, to meet Crummy and complete the cocaine deal. They were detained by agents upon their arrival. As agents were removing Maldonado from Chavis' vehicle, a handgun magazine fell from his person onto the ground. A subsequent search of Maldonado's person resulted in the recovery of a loaded stolen firearm and $1,700 in U.S. currency. Agents also recovered $185 in U.S. currency from **ESTRADA's** person and 10 ounces of cocaine (**283.5 grams of cocaine**) and $284 under the rear seat of the vehicle. Thereafter, while being processed at the jail, detention officers recovered 3.5 grams of cocaine and a plastic straw from Chavis' person. To avoid the potential of double counting with subsequent statements, the U.S. currency recovered from **ESTRADA's** person was not used to determine his drug accountability. Additionally, the cocaine recovered from Chavis' person was not

3

used to determine **ESTRADA's** drug accountability inasmuch as it is unclear if he sold the cocaine to Chavis.

## SUMMARY OF THE ARGUMENT

This brief is submitted to the Court pursuant to the decision rendered in *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429, 108 S. Ct. 1895 (1988), and *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346 (1988).

Counsel for Mr. Estrada has determined, after a conscientious examination of the entire record in this case, that Mr. Estrada has no meritorious grounds for appeal. Nonetheless, this brief is submitted to fulfill the appellant's desire to pursue an appeal of his active sentence of 140 months due to abuse of discretion by the trial court in the rendition of its sentence.

## ARGUMENT

A.   Standard of Review.

Sentencing courts have discretion to sentence defendants within the statutory range, regardless of whether the sentence falls within the Guidelines range or without. *United States v. Raby*, 575 F.3d 376, 380 (4th Cir. 2009)(Citing *Gall v. United States*, 522 U.S. 38, 128 S. Ct. 586, 598 (2007)). The district court's sentence is reviewed for reasonableness under an abuse-of-discretion standard.

4

*United States v. Seay*, 553 F.3d 732, 742 (4th Cir. 2009). The sentence in this case is at the absolute statutory minimum.

    B.    <u>Discussion</u>.

A district court must engage in a multi-step process prior to imposing a sentence. First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range. Next, the court must determine whether a sentence within that range serves the factors set forth in 18 U.S.C. § 3553(a) and, if not, select a sentence within statutory limits that does serve those factors. The district court must articulate the reasons for the sentence imposed, particularly explaining any departure or variance from the Guideline range. The explanation of a variance sentence must be tied to the factors set forth in § 3553(a) and must be accompanied by findings of fact as necessary.[1] *United States v. Perez-Pena*, 453 F.3d 236, 241 (4th Cir. 2006)(Internal citations omitted).

---

[1]    18 U.S.C. § 3553(a) provides in pertinent part:

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider-

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed-

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

A sentence outside the advisory guideline range is reviewed for whether the district court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the guideline range. *Id*. If a district court provides an inadequate statement of reasons or relies on improper factors in imposing a sentence outside the properly calculated advisory guideline range, the sentence will be found unreasonable and vacated. *Id*.

In Mr. Estrada's case, the trial court, however, imposed a sentence within the statutory requirements because he had no discretion to impose a sentence lesser than what congress has imposed in law for these crimes:

- The nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1).
- The seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A).
- To afford adequate deterrence to criminal conduct.  18 U.S.C. § 3553(a)(2)(B).

---

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for-
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[...]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

6

- To protect the public for further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(C).

(JA 87). In support of the above-referenced sentencing factors, court specifically found:

A sentence of 140 months imprisonment was sufficient, but that the court had no discretion to find a sentence below the mandatory statutory sentencing guidelines.

(JA 26)(*See* JA 22-26)(Trial court's in-court findings). The trial court imposed a sentence at the high end of the Guideline range that was the statutory maximum of 11 months, (*see* 18 U.S.C. § 924(a)(2)) and addressed the factors of 18 U.S.C. § 3553(a). *Perez-Pena*, 453 F.3d at 241. A sentence which was twice the top-end of the Guideline range of imprisonment has been upheld by this Court. *United States v. Shortt*, 485 F.3d 243, 244 (4th Cir. 2007). It therefore appears that the trial court in Mr. Walden's case neither abused its discretion by imposing a term of imprisonment at the bottom of the Guideline range prescribed by the Sentencing Guidelines. *See Seay*, 553 F.3d at 742 (Standard of review) instead of sentencing him to probation.

7

## CONCLUSION

Undersigned counsel is presenting this brief to the Court, requesting that this court reverse and remand this case for a new sentencing consistent with the court's finding in this case.

Respectfully submitted, this 31st day of May 2013.

/s/ C. Burell Shella
C. Burell Shella
2530 Meridian Pkwy
Durham, NC  27713
NCBN 33552
(919) 806-4271
chrisshella@yahoo.com

*Counsel for Defendant-Appellant*

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains 1,564 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman.

/s/ C. Burell Shella
C. Burell Shella

*Counsel for Appellant*

Dated: May 31, 2013

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on May 31, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

    Jennifer P. May-Parker, Assistant U. S. Attorney
    OFFICE OF THE UNITED STATES ATTORNEY
    Suite 800
    Federal Building
    310 New Bern Avenue
    Raleigh, NC  27601-1461

    *Counsel for Appellee*

I further certify that one copy of the brief was mailed to the Defendant at his last known address of:

    Osciel Garcia Estrada # 55709-056
    FCI Fort Worth
    Federal Correctional Institution
    P.O. Box 15330
    Fort Worth, TX  76119

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

                                        /s/ Shelly N. Gannon
                                        Shelly N. Gannon
                                        GIBSON MOORE APPELLATE SERVICES, LLC
                                        421 East Franklin Street, Suite 230
                                        Richmond, VA  23219